UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ABNER PASTOR,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | (REMOVED FROM THE 151st DISTRICT |
| | § | COURT OF HARRIS COUNTY, TEXAS |
| **GUARDIAN TRANSITION INC.,** | § | AND AWAITING CASE NUMBER |
| **D/B/A GF PROTECTION INC., D/B/A** | § | ASSIGNMENT) |
| **GUARDIAN FALL SAFETY,** | § | |
| **K-STRONG, KARAM INDUSTRIES and** | § | |
| **P.N. INTERNATIONAL,** | § | |
| | § | |
| *Defendants*. | § | |

**KSTRONG LLC, KARAM INDUSTRIES, AND P.N. INTERNATIONAL'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**

Kstrong,[1] Karam Industries, and P.N. Inter national hereby file this Notice of Removal of the above titled and numbered cause, and in support thereof states as follows:

**I.    STATE COURT ACTION**

This case was initially filed in the 151st Judicial District Court in and for Harris County, Texas.  The state court action is styled: *Abner Pastor v. Guardian Transition, Inc., d/b/a GF Protection, Inc., d/b/a Guardian Fall Safety, K-Strong, Karam Industries and P.N. International*, Cause Number 201906499.

**II.    PARTIES**

    A.    **Plaintiff— Abner Pastor**

---

[1]. Incorrectly designated "K-Strong."

1

Plaintiff alleges he is a resident of Cooper, Delta County, Texas. However, Plaintiff appears to be the citizen of a foreign country. "Plaintiff, Abner Pastor, is a resident of Cooper, Delta County, Texas. Pursuant to Tex. Civ. P. & Rem. Code 30.14(a), the last three digits of Plaintiff's Social Security Number are NONE." **Exhibit A**, State Court Petition, ¶2.01.

### B. Defendant— Guardian Transition Inc. D/B/D Guardian Fall Protection, D/B/A GF Protection Inc.

"Guardian Transition Inc. D/B/D Guardian Fall Protection, D/B/A GF Protection Inc. is a Washington corporation with its principal place of business in Kent, Washington[.]" **Exhibit A**, State Court Petition, ¶2.02.

### C. Defendant— Kstrong

"K-Strong is a Texas corporation with its principal place of business in Houston, Texas who may be served by serving [sic] its registered agent, Andy Lui at 17330 Preston Road #200 D, Dallas, Texas." **Exhibit A**, State Court Petition, ¶2.03.

### D. Defendant— Karam Industries

"Karam Industries, Sitanrganj, Uttarakhand (India) is a foreign corporation with its principle [sic] place of business in Sitanrganj, Uttarakhand, India." **Exhibit A**, State Court Petition, ¶2.04.

### E. P.N. International

"P.N. International is a foreign corporation with its principle [sic] place of business in D-95, Secotr-2 NOIDA-201301 (U.P.) Delhi/NCR India." **Exhibit A**, State Court Petition, ¶2.05.

## III. JURISDICTION

### A. Diversity Jurisdiction— 28 § U.S.C. 1332

"Under 28 U.S.C. § 1332(a), diversity jurisdiction exists where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000." *SGK Props., L.L.C. v. United States Bank Nat'l Ass'n*, 881 F.3d 933, 939 (5th Cir. 2018).

    1.    <u>Amount in Controversy Exceeds $75,000</u>

Plaintiff seeks in excess of $75,000, and therefore this matter is within the diversity jurisdiction of this Court, because "Plaintiff is seeks [sic] monetary relief over $1,000,000.00." **Exhibit A**, State Court Petition, ¶3.03. *SGK Props.,* 881 F.3d at 939.

    2.    <u>Citizenship of Relevant Parties</u>

        a.    Plaintiff

Plaintiff is alleged to be a resident of Texas, but lacking a social security number. **Ex. A**, ¶2.01. Plaintiff also alleges he was injured while "working on a construction site[.]" **Ex. A**, ¶2.01. Defendants thus infer Plaintiff is a permanent resident of Texas, and is treated as a citizen of Texas for diversity purposes. "Section 1332(a) treats a lawful permanent resident alien as a citizen of the state in which he or she resides." *Cedillo v. Campos*, 2014 U.S. Dist. LEXIS 191190, at *6 n.2 (W.D. Tex. 2014).

        b.    Defendant Guardian Transition Inc.

"Guardian Transition Inc. D/B/D Guardian Fall Protection, D/B/A GF Protection Inc. is a Washington corporation with its principal place of business in Kent, Washington[.]" **Ex. A**, ¶2.02. "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Harvey*, 542 F.3d at 1079 (quoting 28 U.S.C. § 1332(c)(1)).

        c.    Defendant Kstrong

Defendant Kstrong is alleged to be a Texas corporation with its principal place of business in Houston, Texas. **Ex. A**, ¶2.03. That is not correct. Kstrong is a limited liability company, whose members reside in India. **Ex. B**. Further, as articulated below, Kstrong is improperly joined, so its citizenship is disregarded. *See, e.g.*, *Esparza v. Paragon Shipping, Inc.*, 2013 U.S. Dist. LEXIS 179685, at *18 (S.D. Tex. 2013).

d. Defendant Karam Industries

Defendant Karam Industries is an Indian corporation with a principal place of business in India. **Ex. A**, ¶2.04. "Section 1332(a) treats a lawful permanent resident alien as a citizen of the state in which he or she resides." *Cedillo v. Campos*, 2014 U.S. Dist. LEXIS 191190, at *6 n.2 (W.D. Tex. 2014).

e. P.N. International

Defendant P.N. International is an Indian corporation with a principal place of business in India. **Ex. A**, ¶2.05. "Section 1332(a) treats a lawful permanent resident alien as a citizen of the state in which he or she resides." *Cedillo v. Campos*, 2014 U.S. Dist. LEXIS 191190, at *6 n.2 (W.D. Tex. 2014).

3. <u>Kstrong Was Improperly Joined, So its Citizenship is Disregarded</u>

Kstrong is not a non-diverse entity, because its members are not Texas citizens. "[T]he citizenship of a limited liability company is determined by the citizenship of its members." *LWL Constr., LLC v. Countrywide Home Loans, Inc.*, 2016 U.S. Dist. LEXIS 13167, at *9 (S.D. Tex. 2016). Otherwise, Kstrong's citizenship should not be considered for jurisdiction or remand purposes, because it is an improperly joined Defendant.

The citizenship of Kstrong is disregarded for purposes of diversity jurisdiction pursuant to the improper joinder doctrine. *See, e.g.*, *Esparza v. Paragon Shipping, Inc.*, 2013 U.S. Dist. LEXIS

4

179685, at *18 (S.D. Tex. 2013). "The removing party proves improper joinder by demonstrating . . . the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court." *Id.* at *14-15. If a plaintiff cannot establish a cause of action against an improperly joined defendant, "citizenship may be disregarded for the purposes of determining this court's diversity jurisdiction." *Norwood v. Indus. Warehouse Servs.*, 2018 U.S. Dist. LEXIS 48345, at *10 (E.D. Tex. 2018); *See also*, *Jernigan v. Ashland Oil*, 989 F.2d 812, 814 (5th Cir. 1993)(disregarding defendant's citizenship for diversity analysis, because defendant was immune under workers' compensation law); *Rojas v. Wells Fargo Bank, Nat'l Ass'n*, 571 F. App'x 274, 278 (5th Cir. 2014).

### a. Improper Joinder Analytical Framework

To establish improper joinder, the defendant must show there "is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Norwood*, 2018 U.S. Dist. LEXIS 48345 at *4-5. To determine if this standard is met, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at *5. "A mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Martinez v. Peterbilt Motors Co.*, 2004 U.S. Dist. LEXIS 22780, at *5 n.9 (W.D. Tex. 2004)(quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)). To analyze an improper joinder claim, "a federal court may consider summary judgment-type evidence such as affidavits and deposition testimony when reviewing a[n] [improper] joinder claim." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).

Here, Plaintiff asserts causes of action for negligence, gross negligence, strict products liability against all Defendants, including Kstrong. **Ex. A**, ¶¶5.00-7.02. Plaintiff's lawsuit,

5

however, fails to follow the rules of pleading, fails to state a cause of action Kstrong as a matter of law, and no facts exist that would provide Plaintiff the ability to amend the lawsuit to state a cause of action against Kstrong. As a result, Kstrong is improperly joined, and complete diversity otherwise exists between the remaining Defendants.

                b.      *It is Impossible for Plaintiff to Allege Claims Against Kstrong.*

Kstrong did not manufacture the product at issue. **Ex. C**, ¶¶41-43. To state a cause of action against a non-manufacturing seller (the only other possible type of Defendant other than a manufacturer in a products liability claim), Plaintiff must plead actionable conduct under Tex. Civ. Prac. & Rem. Code § 82.003:

> Chapter 82 of the Texas Civil Practice and Remedies Code governs product liability actions. A "products liability action" is . . . "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." TEX. CIV. PRAC. & REM. CODE § 82.001.
>
> In 2003, the legislature added § 82.003, limiting a plaintiff's ability to recover against nonmanufacturing sellers in a products-liability action. Section 82.003 states that a nonmanufacturing seller "is not liable for harm caused to the claimant by that product unless the claimant proves:"
>
>> (1) that the seller participated in the design of the product;
>> (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;
>> (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;
>> (4) that:
>>> (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
>>> (B) the warning or instruction was inadequate; and
>>> (C) the claimant's harm resulted from the inadequacy of the warning or instruction;
>>
>> (5) that
>>> (A) the seller made an express factual representation about the aspect of the product;

6

>            (B) the representation was incorrect;
>            (C) the claimant relied on the representation in obtaining or using the product; and
>            (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;
>    (6) that
>            (A) the seller actually knew of a defect to the product at the same time the seller supplied the product; and
>            (B) the claimant's harm resulted from the defect; or
>    (7) that the manufacturer of the product is
>            (A) insolvent; or
>            (B) not subject to the jurisdiction of the court.

*Evans v. Kawaski Motors Corp.*, 2015 U.S. Dist. LEXIS 93044, at *7-8 (S.D. Tex. 2015). "It is undisputed that §82.003 applies to Plaintiffs' claims, as all of their claims are encompassed in the definition of a 'products liability action' under §82.001." *Casas v. Tire Corral, Inc.*, 2005 U.S. Dist. LEXIS 42108, *8 (S.D. Tex. 2005)(denying motion to remand and finding improper joinder).

Here, it is impossible for Plaintiff to state a claim against Kstrong. Kstrong is not a manufacturer or seller of the product at issue. **Ex. C**, ¶¶41-43. Otherwise, Kstrong did not design the product (*see*, §82.003(1)); alter or modify the product (*see*, §82.003(2)); install or have the product installed (*see*, §82.003(3)); exercise control over the content of a warning or instruction for the product (*see*, §82.003(4)); make an express factual representation about the product (*see*, §82.003(5)); did not know about a defect in the product or supply the product (*see,* §82.003(6)); and did not distribute or sell the product after obtaining from any insolvent manufacturer. (*see*, §82.003(7)). "Any recovery theory pleaded against a nonmanufacturing seller . . . must invoke one of the seven exceptions in §82.003 'even if the claim would otherwise state a valid claim under Texas law.'" *Evans*, 2015 U.S. Dist. LEXIS 93044, at *9 (denying motion to remand and finding improper joinder). Here, it is impossible to state a claim under §82.003, because Kstrong is not a

manufacturer of the product at issue, did not sell the product to Plaintiff, and engaged in none of the conduct described in §82.003 with respect to Plaintiff.  **Ex. C**, ¶¶41-43.  Where a petition cannot articulate a viable claim under §82.003, dismissal is appropriate.  "Texas law does not support holding persons or entities with [an attenuated] indirect connection" to a manufacturer of a product liable, so Texas law does not support holding an entity potentially responsible which had absolutely no connection to the product at issue in the lawsuit.  *Rubin v. DaimlerChrysler Corp.*, 2005 U.S. Dist. LEXIS 42102, at *22 (S.D. Tex. 2005)(denying motion to remand and finding improper joinder).  Kstrong should be dismissed with prejudice.

       *c.*  *Plaintiff Fails to Adequately Allege Any of Its Claims.*

Even without reference to extrinsic evidence, Plaintiff fails to state a cause of action or comply with the federal pleading rules.

"[I]t is not enough to allege, in a conclusory or collective manner, that several defendants are [liable]. Instead, '[w]here a complaint seeks to hold more than one [Defendant] liable . . . some facts at least . . . must be set forth in order to make out [a] facially plausible claim of multiple [Defendant] liability[.]" *Fernandez v. Janiking Int'l, Inc.*, 2018 U.S. Dist. LEXIS 13300, at *5 (S.D. Tex. 2018). "Plaintiff fails to allege which of these individuals is liable [due to a relationship with a corporate defendant], nor does [Plaintiff] state facts giving rise to any individual's liability on behalf of any entity. In addition to being conclusory and formulaic, this type of group pleading fails to meet the pleading requirements of Federal Rule of Civil Procedure 8." *Gurganus v. Furniss*, 2016 U.S. Dist. LEXIS 90511, *16 (N.D. Tex. 2016). "As correctly stated by Defendants, Plaintiff's group pleading fails to state a claim and makes it impossible to ascertain which particular Defendant(s) are supposedly responsible[.]" *Id.*

Here, Plaintiff fails the "group pleading" test. Plaintiff asserts causes of action against all Defendants simultaneously, without alleging the distinct conduct allegedly undertaken by each Defendant. **Ex. A**, ¶¶5.00-7.02. Paragraph 5.00, stating it alleges negligence claims against all Defendants, appears to actually only reference one Defendant in 5.01-5.02, but does not specifically identify which Defendant. "Defendant by and through its employees, or agents and/or vice-principals is liable for general negligence, negligence *per se*, and gross negligence toward Plaintiff[.]" **Ex. A**, ¶5.01. Paragraphs 6.00 and 6.01 purportedly allege strict product liability claims against all Defendants, but do not distinguish between any of them. **Ex. A**, ¶6.01. The same flaw exists with respect to the gross negligence claim in paragraphs 7.00-7.02.

Further, Plaintiff's operative pleadings contain nothing more than boilerplate legal conclusions. Plaintiff attempts to allege general statements that track the legal elements of his causes of action, but does not allege any specific conduct supporting those legal conclusions against Defendants, collectively or individually. A "conclusory statement that 'the actions and/or omissions of Defendants described herein constitute [an actionable claim]' does not suffice to meet the pleading requirements of Rule 8(a)." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 692 (E.D. Tex. 2009). "Plaintiff's allegation that [the product] was . . . not 'safe,' is nothing more than a legal conclusion. Moreover, there are no factual allegations as to how the [product] was unsafe or unreasonably dangerous. In all, having combed through Plaintiff's [operative pleadings], there is an absence of factual allegations that would support a strict/product liability claim[.]" *Chung v. Ladybug Skincare Salon*, 2012 U.S. Dist. LEXIS 142441, at *16 (S.D. Tex. 2012).

Plaintiff fails to state a cause of action against Kstrong; it is impossible to do so; and Plaintiff should not otherwise be given the opportunity. "[Plaintiff] has alternatively requested leave to amend her pleadings. After removal, a 'plaintiff cannot rob the district court of subject

9

matter jurisdiction by electing to amend away the grounds for federal jurisdiction.'" *Evans*, 2015 U.S. Dist. LEXIS 93044, at *20-21. Kstrong should be dismissed with prejudice.

## IV.   TIMELINENESS

P.N. International and Karam Industries were served June, 7, 2019. **Exhibit C** ¶2. This removal is therefore filed within thirty-days, and timely.

## V.   CONSENT TO REMOVAL

Consent to removal is not required from an improperly joined party to establish diversity jurisdiction. M*urillo v. Reliance Standard Life Ins. Co.*, 2016 U.S. Dist. LEXIS 124972, at *15-16 (S.D. Tex. 2016). All other Defendants otherwise consent to removal. **Ex. D**.

## VI.   ATTACHMENTS

Pursuant to 28 U.S.C. § 1446, Local Rule 3, and Local Rule 81, the following Exhibits are attached hereto and incorporated herein by reference for all purposes:

**Exhibit A:**   State Court Original Petition;

**Exhibit B:**   Texas Secretary of State Kstrong Records;

**Exhibit C:**   Affidavit in Support of Removal;

**Exhibit D:**   Consents to Removal;

**Exhibit E:**   All matters of record in state court;

**Exhibit F:**   State Court Docket Sheet;

**Exhibit G:**   An Index of Matters Being Filed;

**Exhibit H:**   A List of All Counsel of Record, Including Addresses, Telephone Numbers, and Parties Represented;

**Exhibit I:**   Copy of State Court Notice of Removal (*sans* Exhibit, Which is a Duplicate Copy of this Federal Notice of Removal).

**VII.     CONCLUSION**

Kstrong, Karam Industries, and P.N. International have established their right to removal. Defendants therefore request this Court issue an order confirming its jurisdiction. Defendants request this, and all other relief just and appropriate under the circumstances.

        **WILSON ELSER, LLP**

        By: */s/ Michael Beckelman*
           Michael Beckelman – Attorney-in-Charge
           State Bar No. 24042401
           michael.beckelman@wilsonelser.com
           B. George Walker
           State Bar No. 24094144
           george.walker@wilsonelser.com
           909 Fannin Street, Suite 300
           Houston, Texas 77010
           Telephone: (713) 353-2000
           **COUNSEL FOR DEFENDANTS**
           **Kstrong LLC; KARAM INDUSTRIES;**
           *and* **P.N. INTERNATIONAL**

**CERTIFICATE OF SERVICE**

I hereby certify on July 3, 2019, the foregoing instrument was circulated to all counsel of record in conformity with the Federal Rules of Civil Procedure.

        **WILSON ELSER, LLP**

        By: */s/ Michael Beckelman*
           Michael Beckelman – Attorney-in-Charge
           State Bar No. 24042401
           michael.beckelman@wilsonelser.com
           B. George Walker
           State Bar No. 24094144
           george.walker@wilsonelser.com
           909 Fannin Street, Suite 300
           Houston, Texas 77010
           Telephone: (713) 353-2000
           Telecopier: (713) 785-7780
           **COUNSEL FOR DEFENDANTS**
           **Kstrong LLC; KARAM INDUSTRIES;**
           *and* **P.N. INTERNATIONAL**