Case 4:19-cv-02406   Document 1-2   Filed on 07/03/19 in TXSD   Page 1 of 7

1/28/2019 11:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 30716107
By: Walter Eldridge
Filed: 1/28/2019 11:40 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **ABNER PASTOR**<br>Plaintiff, | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§<br>§ | HARRIS COUNTY, TEXAS |
| **GUARDIAN TRANSITION INC.,**<br>d/b/a **GF PROTECTION INC.**, d/b/a<br>**GUARDIAN FALL SAFETY, K-STRONG,**<br>**KARAM INDUSTRIES** and **P.N.**<br>**INTERNATIONAL**<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **ABNER PASTOR** ("Plaintiff"), who files this, his Original Petition against **GUARDIAN TRANSITION INC.**, d/b/a **GF PROTECTION INC.**, d/b/a **GUARDIAN FALL SAFETY** ("Defendant Guardian") **K-STRONG** ("Defendant K-Strong"), **KARAM INDUSTRIES** ("Defendant Karam") and **P.N. INTERNATIONAL** ("Defendant P.N.") and respectfully show this Court as follows:

**1.00   LEVEL OF DISCOVERY CONTROL PLAN**

1.01   Pursuant to Texas Rules of Civil Procedure 190.1, discovery is intended to be conducted under Level III of Rule 190.4 of the Texas Rules of Civil Procedure.

**2.00   PARTIES**

2.01   Plaintiff, ABNER PASTOR, is a resident of Cooper, Delta County, Texas. Pursuant to Tex. Civ. P. & Rem Code 30.14(a), the last three digits of Plaintiff's Social Security number are NONE.

2.02    Defendant GUARDIAN TRANSITION INC. D/B/D GUARDIAN FALL PROTECTION, D/B/A GF PROTECTION INC. is a Washington corporation with its principal place of business in Kent, Washington who may be served by serving its registered agent, National Registered Agents, Inc., 155 Federal St. Ste 700, Boston, MA 02110-1727.

2.03    K-STRONG is a Texas corporation with its principal place of business in Houston, Texas who may be served by serviing its registered agent, Andy Lui at 17330 Preston Road #200 D, Dallas, Texas 75252.

2.04    KARAM INDUSTRIES, Sitanrganj, Uttarakhand (India) is a foreign corporation with its principle place of business in Sitanrganj, Uttarakhand, India.  Said Defendant may be served at D-95, Secotr-2 NOIDA-201301 (U.P.) Delhi/NCR India. Said Defendant may be served in accordance with the Hague Convention.  First, Plaintiff will ensure that Complaint and Summons are translated and then served through the Central Authority in India. Because it is anticipated that service may take greater than 1 year, Plaintiff hereby requests an extension of time to perfect service.

2.05    P.N. INTERNATIONAL is a foreign corporation with its principle place of business in D-95, Secotr-2 NOIDA-201301 (U.P.) Delhi/NCR India.  Said Defendant may be served at D-95, Secotr-2 NOIDA-201301 (U.P.) Delhi/NCR India. Said Defendant may be served in accordance with the Hague Convention.  First, Plaintiff will ensure that the Complaint and Summons are translated and then served through the Central Authority in India. Because it is anticipated that service may take greater than 1 year, Plaintiff hereby requests an extension of time to perfect service.

### 3.00    JURISDICTION AND VENUE

3.01    The amount in controversy is within the jurisdictional limits of this Court.

3.02   Harris County is the proper venue for this action pursuant to the Texas Civil Practice and Remedies Code, Section 15.001, *et seq.*, because Harris County is the county where the Defendant has its principal place of business and/or all or part of the cause of action occurred in Harris County.

3.03   Pursuant to Rule 47(c) Plaintiff is seeks monetary relief over $1,000,000.

**4.00   FACTS**

4.01   On or about March 12, 2017, Plaintiff was working on a construction site for in Hochatown, Oklahoma. Plaintiff was provided a Guardian Fall Protection safety harness system. Plaintiff put on the harness and tied off to the roof. While working on the roof Plaintiff slipped, and fell to the ground causing catastrophic bodily injury because the Guardian Fall Protection harness system and/or the components of the harness system failed.   As a result of the safety harness failure, Plaintiff has undergone numerous surgeries and the damages set forth herein.

4.02   The negligence and gross negligence of Defendants was a producing cause of the serious injuries to Plaintiff, ABNER PASTOR.

**5.00   CAUSES OF ACTION AGAINST DEFENDANT- GUARDIAN FALL PROTECTION, K-STRONG, KARAM INDUSTRIES, AND P.N. INTERNATIONAL**

5.01   Defendant by and through its employees, agents and/or vice-principals is liable for general negligence, negligence *per se*, and gross negligence toward Plaintiff in the following respects:

1)   Failing to remove the fall protection harness from the stream of commerce after notice of deficiencies;

2)   Failing to properly design the fall protection harnesses;

3)   Manufacturing the fall protection harness in a negligent manner;

4) Failing to provide proper warnings and instructions with the fall protection harness; and

5) Failing to train users of the fall protection harness.

5.02   As a direct and proximate result of these and other acts and omissions Plaintiff suffered serious and permanent injuries due to the negligent activities of Defendant.

## 6.00   STRICT LIABLITY: DESIGN, MANUFACTURING AND MARKETING DEFECT

6.01   GUARDIAN FALL PROTECTION, K-STRONG, KARAM INDUSTRIES, AND P.N. INTERNATIONAL are liable under the strict products liability for a design defect for failing to adequate design the fall protection harness system with regard to the foreseeable uses/misuses of the equipment as well as using appropriate component materials and/or a manufacturing defect in either the components or the quality of the materials used in the component parts and/or a marketing defect for failing to adequately warn users.  These defects, singularly and/or cumulatively were producing cause(s) of the incident in question and the injuries of Plaintiff.

## 7.00.   GROSS NEGLIGENCE

7.01   Defendants' conduct, when viewed objectively from the standpoint of the Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Moreover, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of the Plaintiff.

7.02   As a result of the grossly negligent conduct of the Defendants, Plaintiff suffered severe physical injuries and emotional distress.

## 8.00 DAMAGES

8.01 Plaintiff would show that as a direct and proximate result of the acts and/or omissions committed by Defendants, Plaintiff was caused to suffer serious and **permanent personal injuries**, which has caused Mr. Pastor in the past and will, in reasonable probability, cause Mr. Pastor in the future, physical pain, mental anguish, lost wages, loss of earning capacity, physical impairment, disfigurement, medical expenses, lifecare expenses and hospital expenses, for which Mr. Pastor should be compensated in accordance with the laws of the State of Texas. Therefore, Plaintiff seeks damages from Defendants, and, by reason of the injuries and damages set forth above, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of this Court.

## 9.00 JURY TRIAL

9.01 Plaintiff respectfully requests a jury a trial in the above-entitled and numbered cause of action and will tender the required jury fee.

## 10.00 PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein and that upon full and final hearing of this cause, Plaintiff has judgment of and from the Defendants as follows:

1) For all actual and punitive damages, both past and future, as prayed for herein, including punitive and/or exemplary damages.

2) For all of Plaintiffs' costs of court;

3) For pre-judgment interest at the highest legal rate and for the longest period of time allowed by law on all elements of damage claimed herein;

4) For post-judgment interest at the highest legal rate allowed by law on the amount of the

judgment entered by the Court from the date of judgment until collected;

5) For such other and further relief, both general and specific, at law or in equity, to which this Honorable Court should find Plaintiffs to be justly entitled.

Respectfully Submitted;

MILLER WEISBROD, LLP
11551 Forest Central Drive
Forest Central II, Suite 300
P. O. Box 821329 (75382)
Dallas, Texas 75243
(214) 987-0005
(214) 987-2545 (Facsimile)

By: _____
CLAY MILLER
State Bar No. 00791266
Cmiller@millerweisbrod.com
JOSH BIRMINGHAM
State Bar No. 24059329
Jbirmingham@millerweisbrod.com

and

JOHN R. SALAZAR, P.C.
JOHN R. SALAZAR
SBN: 17527150
johnr@johnrsalazar.com
2201 Main St., Ste. 900
Dallas, TX 75201
Tel. 214-696-5292
Fax. 214-698-5656

**ATTORNEYS FOR PLAINTIFF**

## REQUEST FOR DISCLOSURE

Pursuant to TEX. R. CIV. P. 194, Plaintiff requests disclosure from each and every Defendant of those items contained in 194.2 (a)-(l). Upon service of citation, along with this Original Petition, Defendants are required to respond to these Requests for Disclosure within FIFTY (50) days hereafter.